**Walter SMITH and Virginia Smith, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 81–1983–Civ EPS.**

United States District Court, S.D. Florida, Miami Division.

Nov. 14, 1984.

Robert F. Eimers, Miami, Fla., for plaintiff.

Pamela Hornett, Asst. U.S. Atty., Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPELLMAN, District Judge.

This is a civil action brought against the United States of America. The plaintiffs allege that the Department of Navy refused to perform a vasectomy upon plaintiff, Walter Smith, an enlisted active duty member of the Navy, which refusal violated plaintiffs' constitutional right to privacy under the ninth amendment, and violated plaintiffs' right to free speech under the first amendment to the United States Constitution. The plaintiffs further allege that the Navy's "unofficial policy" of not performing vasectomies on active duty members entitled to medical care unless they have sired a child is a violation of the Equal Protection Clause as incorporated into the fifth amendment of the United States Constitution.

## STATEMENT OF FACTS

On or about January 29, 1981, plaintiff, Walter Smith, requested that a medical physician employed by the Department of the Navy perform a vasectomy upon him. Such request was refused on the ground that it was "unofficial Naval policy" not to perform vasectomies on Naval personnel eligible for medical care by the Navy unless that individual has sired a child. However, it was strongly encouraged that plaintiff's spouse, Virginia Smith, undergo a tubal ligation.

On February 13, 1981, plaintiff, Walter Smith, sought the services of a physician not in the Department of the Navy, and such civilian physician performed a vasectomy on plaintiff for which the plaintiff, Walter Smith, paid a fee of $200.00. Demand for reimbursement of such monies has been made by plaintiff to defendant, but the Department of the Navy has refused to reimburse plaintiff.

It is not disputed that the plaintiff, Walter Smith, as a member of the Navy is entitled to free and complete medical ser-

vices from the United States Navy, and that a vasectomy is a medical procedure.

Before this Court is a Motion to Dismiss or in the Alternative For Summary Judgment filed by the defendant, and a Motion for Summary Judgment filed by the plaintiffs.

## ANALYSIS

Summary judgment should be entered only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), F.R.C.P.; *Impossible Elec. Tech. v. Wackenhut Prot. Systems,* 669 F.2d 1026, 1031 (5th Cir.1982). This Court finds after careful review that there is no material issue of fact and the Defendant is entitled to judgment as a matter of law.

■ The plaintiffs, a Navy enlisted man and his wife, have claimed a violation of their constitutional rights protected by the first, fifth and ninth amendments. (*See* Complaint, Count I). They bring this claim against the United States Navy under Title 28, Sec. 1346(b). This case involves the "relationship between the Government and members of its Armed Forces," and thus the character of the suit is distinctly federal. *Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, 671, 97 S.Ct. 2054, 2058, 52 L.Ed.2d 665 (1977). However, state law often provides the rule of decision in FTCA claims involving just such a relationship. *See Johnson v. United States,* 576 F.2d 606 (5th Cir.1978), *appeal on remand* 631 F.2d 34, 36 (5th Cir.1980), *rehearing denied* 636 F.2d 314 (5th Cir. 1981), *cert. denied* 451 U.S. 1018, 101 S.Ct. 3007, 69 L,Ed.2d 389 (1981). This Court finds that, since plaintiffs rely on alleged representations by an agent of the defendant to substantiate their claim, 28 U.S.C.A. § 1346(c) mandates application of state law in this case. The Florida doctrine of *respondeat superior* therefore applies to determine liability under § 1346(b).

■ Under Florida law, a principal is liable if his actions or words operate to hold out the agent as possessing authority to act on behalf of the principal, thereby vesting apparent authority in the agent. *See Taco Bell of California v. Zappone,* 324 So.2d 121, 123–4 (Fla.App.1975); *Owen Industries v. Taylor,* 354 So.2d 1259, 1261 (Fla.App.1978). Florida law comports with the prevailing view in this Circuit, that only by express agreement or by statute can the United States assume liability for the acts of its employees. *See United States v. Fulton Distillery,* 571 F.2d 923, 927 (5th Cir.1978).

■ The plaintiffs have failed to show or even to allege that the actions of one man, namely Dr. Flynn, represented the unofficial or official policy of the United States Government. Rather, by the terms of applicable Navy regulations, Dr. Flynn was not required to perform the operation, and the Navy disclaimed any authority on his part to bind the Government by his acts. *See* SECNAV Instruction Manual § 6300.-2A (May 1, 1971). The Smiths did not attempt to ascertain whether Dr. Flynn's refusal to perform the vasectomy did in fact reflect some Navy policy. The reasons for obtaining the vasectomy were not of such urgency that the Smiths can be excused for not investigating the Navy's position regarding Dr. Flynn's refusal. As a matter of law, the United States cannot be held liable to such a bare allegation as depriving the Smiths of their constitutional rights.

Count II of the Complaint alleges that the Government breached an implied-in-fact contract through the refusal of its agent, Dr. Flynn, to give Walter Smith medical assistance. Because the Navy instructions permit the physician to decline to perform such operation, and because the Smiths did not attempt to have another Navy doctor perform the vasectomy, this Court finds that, as a matter of law, the United States cannot be said to have breached a contract with the Smiths. *See Jackson v. United States,* 573 F.2d 1189, 216 Ct.Cl. 25 (1978).

For all of the above reasons, the defendant's Motion to Dismiss or in the Alternative For Summary Judgment is hereby

GRANTED, and the plaintiffs' Motion for Summary Judgment is here DENIED.

Defendant is directed to submit to this Court within ten (10) days from the date of this order a Final Judgment in accordance with this Memorandum Opinion and Order.